IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LUDIVINA ESTRADA and <br> LEANN STARNES, <br> *Plaintiffs,* <br><br> v. <br><br> MICHAEL G. WALLACE, MICHAEL <br> A. RICH, DONNA RICH, SHERRI <br> CUNNINGHAM, DONNA MAREZ, <br> DAYBREAK PARTNERS LLC, <br> DAYBREAK VENTURE LLC, DAYBREAK <br> HEALTHCARE INC., DAYBREAK <br> THERAPY LLC, HEA MANAGEMENT <br> GROUP INC., COLD SPRING HOLDINGS <br> LLC, CANYON RIVER HOLDINGS LLC, <br> DENTON RIVER HOLDINGS LLC, <br> SEVEN FALLS HOLDINGS LLC, RED <br> PINE HOLDINGS LLC, <br> *Defendants.* | § § § § § § § § § § § § § § § § § § § § § | Case No. 4:12-cv-139 |

## ORDERING DENYING MOTION FOR RECONSIDERATION

Pending before the court is Plaintiffs' Motion for Reconsideration (Dkt. 29), Defendants' Response (Dkt. 31) and Plaintiffs' Reply (Dkt. 7). Plaintiffs ask the court to reconsider granting Defendants' motion to dismiss their claims under Section 260A.014(b) of the Texas Health and Safety Code because, they contend, the court erred in its interpretation of the statute. For the reasons set forth herein, Plaintiffs' Motion for Reconsideration (Dkt. 31) is **DENIED**.

**I.    LEGAL STANDARD**

Federal Rule of Civil Procedure 54(b) explains that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." "Although the precise standard for evaluating a motion to reconsider under Rule

54(b) is unclear, whether to grant such a motion rests within the discretion of the court." *Dos Santos v. Bell Helicopter Textron, Inc. District,* 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009). The standards for evaluating a motion to alter or amend a judgment under Rule 59(e) are instructive. Motions under Rule 59(e) "serve the narrow purpose of allowing a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (internal quotation marks omitted).

II. ANALYSIS

Defendants moved to dismiss Plaintiffs' claims under the Texas Health and Safety Code asserting that Plaintiffs failed to state a claim that entitles them to relief. Section 260A.014(b) provides that

> [a]n employee has a cause of action against a facility, or the owner or another employee of the facility, that suspends or terminates the employment of the person or otherwise disciplines or discriminates or retaliates against the employee for reporting to the employee's supervisor, an administrator of the facility, a state regulatory agency, or a law enforcement agency a violation of law, including a violation of Chapter 242 or 247, or for initiating or cooperating in any investigation or proceeding of a governmental entity relating to care, services, or conditions of the facility.

Plaintiffs made no allegation of abuse, neglect, or exploitation of any resident of any facility operated by the Defendants. Therefore, Defendants contended that Plaintiffs failed to assert a cause of action under Section 260A.014(b).

Plaintiffs urged the court to read the statute as providing a cause of action for retaliation for reporting *any* violation of *any* law by an operator of a facility that provides services as defined by the statute, including a violation of the Fair Labor Standards Act (FLSA). The court declined to adopt Plaintiffs' interpretation and pointed out that the chapter of the Texas Health and Safety Code on which Plaintiffs relied is entitled "Reports of Abuse, Neglect, and Exploitation of Residents of Certain Facilities." Plaintiffs now ask the court to reconsider its ruling that Plaintiffs failed to state a claim for relief under Section 260A.014(b).

Plaintiffs argue that the court erred by not interpreting the statute as written. Plaintiffs contend that the language of the statute is unambiguous and that the court erred by looking to the title of the chapter to determine its meaning. In support of their contention, Plaintiffs first point the court to Texas Government Code §§ 312.005-006, which explain that "[i]n interpreting a statute, a court shall diligently attempt to ascertain legislative intent and shall consider at all times the old law, the evil, and the remedy" and that Texas statutes "shall be liberally construed to achieve their purpose and to promote justice." Plaintiffs assert that a liberal construction of Section 206A.014 would mean that an employee's report of a violation of the FLSA would fall within this statute's scope. Plaintiffs next argue that by relying on the title of the chapter to determine the meaning of the statute, the court interpreted the statute in a way that conflicts with the statute's text. Plaintiffs contend that the legislature's use of the phrase "including a violation of Chapter 242 or 247" shows its intent *not* to limit the statute's scope and to grant an employee a cause of action under this section for reporting a violation of *any* law. Finally, Plaintiffs contend that the court erred by relying on the title of chapter 260A to limit the scope of Section 260A.014 because the Texas Government Code Section 311.024 explains that "[t]he heading of a title, subtitle, chapter, subchapter, or section does not limit or expand the meaning of a statute."

A court interpreting Texas statutes "must interpret the statute according to the plain meaning of the language used, and must read the statute as a whole without giving effect to certain provisions at the expense of others." *Emeritus Corp. v. Blanco*, 355 S.W.3d 270, 276 (Tex. App. 2011). The Texas Government Code § 311.023(7) further explains that "[i]n construing a statute, whether or not the statute is considered ambiguous on its face, a court may consider among other matters the title (caption), preamble, and emergency provision." However, one need not even look to the title of Chapter 260 to construe section 260A.014(b) because the

clear and unambiguous text of the section itself limits its application to reporting a violation of law or cooperating in an investigation "relating to care, services, or conditions at the facility."

Plaintiffs next argue that the court erred by narrowly construing Plaintiffs' pleadings. Plaintiffs contend that their allegations, when read in a light most favorable to Plaintiffs, show that Defendants' alleged violations of the FLSA could lead to abuse or neglect of patients because employees that are not properly compensated will not experience "the minimum standard of living necessary for health, efficiency, and general well-being of workers" which "could cause mental or physical injury, or harm or death to a resident."[1]. Even if the court were to accept Plaintiffs' tenuous argument, Plaintiffs have not pleaded any factual content that would allow the court to draw the reasonable inference that the "care, services, or conditions" at a facility would have been jeopardized had the individuals on whose behalf they allegedly asserted FLSA rights, namely Vincent Estrada, not been properly compensated under the FLSA.

### III. CONCLUSION

Plaintiff's Motion for Reconsideration (Dkt. 29) is **DENIED**.

IT IS SO ORDERED.

**SIGNED this the 31st day of March, 2014.**

*Richard A. Schell*
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

---

[1] Dkt. 29 at 15.